**Ronald LANGLOIS**

v.

**ENERGY AUTOMATION SYSTEMS, INC., ET AL.**

Court of Appeals of Tennessee, at Nashville.

Sept. 16, 2009 Session.

Dec. 21, 2009.

Application for Permission to Appeal Denied by Supreme Court June 18, 2010.

G. Kline Preston, Nashville, Tennessee, for the Appellant, Ronald Langlois.

William Lynn Campbell, Jr. and John R. Jacobson, Nashville, Tennessee, for the Appellees, Energy Automation Systems, Inc. and Joe Merlo.

## OPINION

DAVID R. FARMER, J., delivered the opinion of the court, in which HOLLY M. KIRBY, J. and J. STEVEN STAFFORD, J., joined.

This appeal arises out of the dismissal of the appellant's claims pursuant to Tennessee Rules of Civil Procedure 37.04 and 41.02. The trial court dismissed the appellant's claims with prejudice for failure to prosecute and alternatively for failure to attend several properly noticed depositions. We affirm the dismissal pursuant to rule 37.04 and reverse the dismissal pursuant to rule 41.02.

## I.  Background and Procedural History

The appellant, Richard Langlois ("Langlois"), filed suit against Energy Automa-

tion Systems, Inc. ("EASI") and its chief executive officer, Joe Merlo, on April 30, 2004. Langlois alleged fraud, fraud in the inducement, violation of the Tennessee Consumer Protection Act, violation of the Arthur Wishart Act [1] concerning franchise disclosure, and breach of contract. The claims arose out of an unsuccessful dealership agreement between Langlois and EASI to sell equipment designed to reduce the energy consumption of electric motors, air conditioning and refrigeration equipment, and other electric-powered machinery. Langlois asserted that EASI made significant misrepresentations concerning the dealership agreement and that he relied on those misrepresentations to his detriment.

EASI's motion to dismiss suggests that Langlois did little more than file a complaint and serve basic discovery requests during the first year-and-a-half of litigation. EASI, on the other hand, actively pursued its defense, noticing Langlois' deposition three times during the first lawsuit. During the pendency of the initial suit, Langlois was noticed for his deposition on December 17, 2004, at the offices of EASI's attorneys in Nashville. His attorney responded that Langlois was amenable to having his deposition taken in Toronto; he therefore considered the scheduled deposition cancelled. This was followed by a notice of deposition to be taken on October 31, 2005, at the offices of Langlois' attorney in Nashville. Langlois' attorney responded that Langlois could not attend the deposition on October 31st because he had to travel from Canada. The next notice of deposition was for December 5, 2005, at the office of Langlois' attorney in Nashville. The response to this notice indicated that Langlois had informed his attorney that he could not make the December 5th deposition date due to his new job. Langlois voluntarily dismissed the first lawsuit on December 12, 2005.

Langlois filed a second action against EASI on October 17, 2006. EASI answered on February 13, 2007, after the trial court denied its motion to dismiss pursuant to Tennessee Rules of Civil Procedure 9.02 and 12.02(6). EASI served Langlois with its first and second set of interrogatories and requests for production of documents on April 30, 2007. EASI also served its first set of requests for admissions at the end of April 2007. Almost one year later, EASI, through its attorney, notified opposing counsel that it had not received a response to its discovery requests and intended to filed a motion to compel. EASI further gave opposing counsel the opportunity to choose between eight different dates in June 2008 for Langlois' deposition. EASI noticed Langlois' deposition for June 18, 2008, and filed a motion to compel after opposing counsel failed to respond.

Langlois served a response to EASI's second set of interrogatories and requests for production of documents on May 9, 2008. Langlois' response indicated that he provided documents in an earlier discovery request, but the record is devoid of any evidence to show whether additional discovery occurred. Langlois did not appear at the deposition scheduled for June 18, 2008. EASI's motion to compel indicates that Langlois' counsel received notice and attempted to contact Langlois on June 17, 2008, to determine whether he would attend.

EASI filed a motion to dismiss pursuant to Tennessee Rules of Civil Procedure

1. The complaint does not give a cite for the Arthur Wishart Act. According to the motion to dismiss, it is a 1 Canadian Act.

37.04 and 41.02 on June 30, 2008. EASI asserted that Langlois refused to attend depositions and failed to engage in meaningful prosecution over a four-year period. EASI argued that Langlois' failure to appear for the June 18th deposition and his prior inaction showed that he was not interested in prosecuting his case. EASI asked the court to dismiss Langlois' claims, arguing that "Langlois is simply avoiding his obligations as a litigant."

Langlois filed a response to the motion on August 22, 2008. Langlois stated in his response that he did not receive notice of the deposition and that his failure to appear was not intentional or deliberate.[2] He explained that he is a citizen and resident of Canada and needed to plan in advance to appear in Nashville. He argued that dismissal was an extreme sanction not warranted by case law. Langlois asserted that EASI suffered no prejudice as a result of his failure to appear and that he had subsequently offered to appear to no avail. The trial court granted EASI's motion on September 2, 2008, finding that Langlois "had ample time to participate in the litigation, but failed to do so by failing to appear for numerous properly noticed depositions."

Langlois filed a motion to alter or amend the court's judgment on September 19, 2008. An affidavit filed in support of his motion on December 11, 2008, stated that Langlois did not receive notice of the June 18th deposition, but had offered to come to Tennessee after learning of his absence. The affidavit went on to state that Langlois remained willing to give his deposition and that he intended to prosecute the action. Langlois' affidavit asserted that he had not "deliberately or willfully flouted or ignored the orders of the court."

The trial court denied Langlois' motion after a hearing on December 17, 2008. Langlois filed a notice of appeal on January 21, 2009.

## II. Issues Presented

Langlois raises the following issues on appeal:

I. Whether the trial court abused its discretion in dismissing the plaintiff's complaint.

II. Whether the trial court's dismissal for failure to prosecute was unreasonable, arbitrary or unconscionable.

## II. Standard of Review

This Court reviews a trial court's choice and imposition of discovery sanctions under an abuse of discretion standard. *Pegues v. Ill. Cent. R.R. Co.*, 288 S.W.3d 350, 353 (Tenn.Ct.App.2008) (citing *Alexander v. Jackson Radiology Assocs.*, 156 S.W.3d 11, 14 (Tenn.Ct.App.2004)). "An abuse of discretion occurs where the trial court has applied an incorrect legal standard or where its decision is illogical or unreasoned and causes an injustice to the complaining party." *Id.* (citing *Mercer v. Vanderbilt Univ., Inc.*, 134 S.W.3d 121, 131 (Tenn.2004)). The abuse of discretion standard does not allow this Court to substitute the panel's judgment for the judgment of the trial court. *Henry v. Goins*, 104 S.W.3d 475, 479 (Tenn.2003) (citation omitted). We will reverse a trial court's decision to impose sanctions only if the court "has acted unreasonably, arbitrarily, or unconscionably." *Hodges v. Attorney General*, 43 S.W.3d 918, 921 (Tenn.Ct.App. 2000).

---

**2.** Each notice of deposition contains a certificate that it was served on Mr. Langlois' attorney.

■ Discretion to impose sanctions does not, however, free trial courts from their responsibility to exercise reason and judgment. This Court has recognized that discretionary decisions "'are not left to a court's inclination, but to its judgment; and its judgment is to be guided by sound legal principles.'" *Pegues,* 288 S.W.3d at 353 (quoting *State v. Lewis,* 235 S.W.3d 136, 141 (Tenn.2007)). A discretionary decision will not stand if the trial court fails to apply the relevant statutory, legal, or procedural framework intended to guide its determination. *Id,* (citation omitted).

## IV. Analysis

■ There is no question that trial courts have discretionary authority to impose sanctions on parties who violate discovery rules or orders. This Court has recognized:

> Trial courts possess inherent, common-law authority to control their dockets and the proceedings in their courts. Their authority is quite broad and includes the express authority to dismiss cases for failure to prosecute or to comply with the Tennessee Rules of Civil Procedure or the orders of the court.

*Hodges,* 43 S.W.3d at 921 (citations omitted). The power to dismiss a party's claims is best exercised infrequently and only when the punishment fits the offense. *Pegues,* 288 S.W.3d at 354 (citation omitted). To do otherwise would "diminish the significance when sanctions are imposed." *Alexander v. Jackson Radiology Assocs.,* 156 S.W.3d 11, 15 (Tenn.Ct.App.2004). Dismissal is normally appropriate only where there has been a "clear record of delay or contumacious conduct." *See Shahrdar v. Global Housing, Inc.,* 983 S.W.2d 230, 236 (Tenn.Ct.App.1998).

■ Trial courts should exercise restraint when dismissing a party's claims because "[t]he interests of justice are best served when lawsuits are resolved on their merits after trial." *Orten v. Orten,* 185 S.W.3d 825, 836 (Tenn.Ct.App.2005) (Lee, J., dissenting) (citing *Akers v. Bonifasi,* 629 F.Supp. 1212 (M.D.Tenn.1984)). Dismissal for failure to prosecute or failure to abide by discovery rules is a severe sanction that "run[s] counter to the judicial system's general objective of disposing of cases on the merits." *Goins,* 104 S.W.3d at 481 (citing *Childress v. Bennett,* 816 S.W.2d 314, 316 (Tenn.1991); *Tenn. Dep't of Human Servs. v. Barbee,* 689 S.W.2d 863, 866 (Tenn.1985)). For this reason, the judiciary generally favors lesser sanctions when appropriate. *Mfrs. Consolidation Serv., Inc. v. Rodell,* 42 S.W.3d 846, 864 (Tenn.Ct.App.2000). But the effectiveness of discovery and procedural rules would diminish if trial courts lacked ample authority to sanction their violation. *Alexander,* 156 S.W.3d at 15.

■ There are compelling reasons to dismiss a party's claims when a trial court determines that sanctions are necessary. *Holt v. Webster,* 638 S.W.2d 391, 394 (Tenn.Ct.App.1982). The Supreme Court of the United States in *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 642–43, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976), explained:

> There is a natural tendency on the part of reviewing courts, properly employing the benefit of hindsight, to be heavily influenced by the severity of outright dismissal as a sanction for failure to comply with a discovery order. It is quite reasonable to conclude that a party who has been subjected to such an order will feel duly chastened, so that even though he succeeds in having the order reversed on appeal he will nonetheless comply promptly with future discovery orders of the district court.
>
> But here, as in other areas of the law, the most severe in the spectrum of sanc-

tions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent. If the decision of the Court of Appeals remained undisturbed in this case, it might well be that [t]hese respondents would faithfully comply with all future discovery orders entered by the District Court in this case. But other parties to other lawsuits would feel freer than we think Rule 37 contemplates they should feel to flout other discovery orders of other district courts.

The reasoning of *National Hockey League* equally applies to violations of discovery or procedural rules in Tennessee: "The trial courts of Tennessee must and do have the discretion to impose sanctions such as dismissal in order to penalize those who fail to comply with the Rules and, further, to deter others from flouting or disregarding discovery orders." *Webster*, 638 S.W.2d at 394 (affirming a dismissal for failure to file timely and complete discovery responses under Tennessee Rule of Civil Procedure 37.04); *see also Moody v. Hutchison*, 247 S.W.3d 187, 199 (Tenn.Ct.App.2007) (quoting *Kotil v. Hydra–Sports, Inc*, No. 01–A–01–9305–CV00200, 1994 WL 535542, at *3 (Tenn.Ct. App. Oct. 5, 1994)) (noting that trial judges in Tennessee have available " 'the most severe spectrum of sanctions' " to penalize and prevent conduct that warrants sanctions). As this Court stated recently in *Meyer Laminates (SE), Inc. v. Primavera Distributing, Inc.*, 293 S.W.3d 162, 168 (Tenn.Ct.App.2008):

Trial courts are afforded wide discretion to determine the appropriate sanction to be imposed for abuse of the discovery process. *Mercer v. Vanderbilt Univ.*, 134 S.W.3d 121, 133 (Tenn.2004); *Murray v. Beard*, No. E2006–01661–COA–R3–CV, 2007 WL 2437971, at *4 (Tenn.Ct.App. E.S., filed Aug. 29, 2007). "The trial court's determination of the appropriate sanction to be imposed will not be disturbed on appeal unless the court commits an abuse of discretion." *Lyle v. Exxon Corp.*, 746 S.W.2d 694, 699 (Tenn.1988); *Brooks v. United Uniform Co.*, 682 S.W.2d 913, 915 (Tenn. 1984). Such a discretionary decision "will be set aside on appeal only when the trial court has misconstrued or misapplied the controlling legal principles or has acted inconsistently with the substantial weight of the evidence," *Mercer*, 134 S.W.3d at 133 (internal quotation marks omitted), and an appellate court "should allow discretionary decisions to stand even though reasonable judicial minds can differ concerning their soundness." *Id.*

Correct review of a decision to impose sanctions therefore involves comparison of a sanction's individual punitive impact and its general deterrent effect. Only when a sanction's punitive impact substantially outweighs its deterrent effect will we conclude that a trial court has abused its discretion, so long as the court has applied the correct legal framework.

### A. Rule 37 Dismissal

The first question before this Court is whether the trial court abused its discretion when it imposed the sanction of dismissal for Langlois' failure to attend several properly noticed depositions. Tennessee Rule of Civil Procedure 37.04 expressly gives trial courts authority to "make such orders ... as are just" to remedy a party's failure to attend a properly noticed deposition including dismissal of the action pursuant to Tennessee Rule of Civil Procedure 37.02(C). Tenn. R. Civ. P. 37.04. Langlois argues that the trial

court abused its discretion for several reasons. The appellant points out that the court never sanctioned him for prior discovery abuses, nor did he violate a court order. He argues that the trial court could have imposed less severe sanctions. He further asserts that the record establishes only one failure to appear for a properly noticed deposition. Langlois concludes that dismissal of his claims is an extreme sanction—one that the facts and case law do not permit.

■ Notice given to an attorney acting within the scope of employment is imputed to the client even if the client never received actual notice. *Winstead v. First Tennessee Bank N.A., Memphis*, 709 S.W.2d 627, 632–33 (Tenn.Ct.App.1986). Tennessee courts generally do not favor dismissal when attorney error causes a client's failure to abide by discovery rules. *See Murray v. Christian Methodist Episcopal Church*, 153 S.W.3d 371, 378 (Tenn.Ct.App.2004) (citation omitted). This Court, however, has affirmed dismissal where a party's attorney was responsible for the majority of the conduct giving rise to sanctions. *See, e.g., Gordon v. Wilson*, No. 02A01–9611–CV–00282, 1998 WL 315940, at *4 (Tenn.Ct.App. June 17, 1998); *Nokes v. Hooper*, 1989 WL 115186, at *2–3 (Tenn.Ct.App. Oct. 4, 1989).

We are unable to conclude that the trial court abused its discretion when it dismissed Langlois' claim. The record indisputably establishes that Langlois failed to attend several properly noticed depositions. EASI's filings indicate that the notice for June 18, 2007, occurred only weeks before a court-imposed discovery deadline

and just months before the date for trial. Langlois did not file a motion for a protective order pursuant to Tennessee Rule of Civil Procedure 26.03.[3] The trial judge was in the best position to determine whether Langlois' actions and inactions throughout the proceedings supported an order to dismiss his claims with prejudice. We find no abuse of discretion.

### B. Rule 41 Dismissal

■ Tennessee Rule of Civil Procedure 41 provides: "For failure of the plaintiff to prosecute or comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Tenn. R. Civ. P. 41.02(1). In support of his claim that dismissal for failure to prosecute was improper, Langlois argues that he refiled this action on October 17, 2006, it was set for trial November 4, 2008, and he intended to prosecute the action. The court nevertheless dismissed his claims before the scheduled trial in an order filed September 2, 2008. EASI argues in support of the trial court's action that, while a plaintiff is not required to serve discovery, the fact that Langlois never participated in the discovery process in this case sufficiently demonstrated his lack of interest in prosecuting his claims. EASI submits that the only actions taken by the appellant were defensive in nature and that his conduct over the course of this litigation indicated that he was uninterested in prosecuting his claims. We recognize, however, that once a party files a complaint and the cause of action is at issue, that party's only require-

---

**3.** Langlois argues that EASI improperly noticed his deposition for Davidson County, but this argument is improperly raised. Tennessee Rule of Civil Procedure 37.04 provides that: "The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable un-

less the party failing to act has applied for a protective order as provided by Rule 26.03." Tenn. R. Civ. P. 37.04. Langlois' failure to apply for the requisite protective order precludes his challenge to the location of the deposition on appeal.

ment is to respond to discovery requests from the opposing party. A party is not required to initiate its own discovery. In reviewing this record, we do not find a sufficient basis for the trial court to dismiss Langlois' claims for failure to prosecute.

## V. Conclusion

For the foregoing reasons, we affirm the dismissal of the appellant's complaint pursuant to Tennessee Rule of Civil Procedure 37.04 and reverse the dismissal pursuant to Tennessee Rule of Civil Procedure 41.02. Costs of this appeal are taxed to the appellant, Ronald Langlois, and his surety, for which execution may issue if necessary.