IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 7, 2013 Session

## MICHAEL M. SHOFNER v. EDDIE MAHAFFEY v. MIDSTATE FINANCE COMPANY, INC.

**Appeal from the Chancery Court for Bedford County**
**No. 24257      J. Curtis Smith, Judge**

**No. M2012-02061-COA-R3-CV - Filed September 12, 2013**

A trial court granted Third-Party Defendant's motion to dismiss for failure to prosecute where Third-Party Plaintiff took no steps to pursue his claims against Third-Party Defendant more than six years after Third-Party Plaintiff was granted a new trial, and where Third-Party Plaintiff failed to comply with the trial court's scheduling order, thereby causing additional delays. Third-Party Plaintiff appealed, and we affirm the trial court's judgment. Trial courts have broad discretionary authority to control their dockets and proceedings, and the court here did not abuse its discretion in dismissing Third-Party Plaintiff's complaint against Third-Party Defendant.

**Tenn. R. App. P. 3, Appeal As of Right; Judgment of the Chancery Court Affirmed**

PATRICIA J. COTTRELL, P.J., M.S., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR. and ANDY D. BENNETT, JJ., joined.

Jonathan R. Perry, Franklin, Tennessee; Matthew Quentin Bastian, Columbia, Tennessee, for the appellant, Eddie Mahaffey.

Charles Craig Northcott, Tullahoma, Tennessee, for the appellee/defendant, Midstate Finance Company, Inc.

## OPINION

### I. BACKGROUND

Michael M. Shofner filed a complaint against Eddie Mahaffey in 2002 in an effort to collect a debt based on a $50,000 loan that Mr. Shofner and Midstate Finance Company, Inc. ("Midstate") made to Mr. Mahaffey in 1994. Mr. Mahaffey answered Mr. Shofner's

complaint, filed a counter-complaint, and filed a third party complaint against Midstate. In his third-party complaint Mr. Mahaffey alleged Mr. Shofner was an officer and employee of Midstate in 1994 when Mr. Mahaffey borrowed money from Midstate and that Midstate, through Mr. Shofner and other employees, violated the usury and consumer protection laws of Tennessee and the federal consumer credit protection laws. Mr. Mahaffey sought compensatory damages from Midstate for the amount he was allegedly overcharged on the loans Midstate made to him and for unreasonable conditions Midstate placed on his loans.

The parties' claims were tried in November 2002.[1] Two years later Mr. Mahaffey filed a motion to alter or amend or for a new trial. The trial court granted Mr. Mahaffey's request for a new trial in August 2005, and the judge recused himself in December 2005.

Messrs. Shofner and Mahaffey were engaged in discovery by April 2006 and filed various motions to compel over the next few years. The second trial was initially set to take place in August 2006, but it was continued. In October 2011, more than six years after Mr. Mahaffey was granted a new trial, Mr. Mahaffey filed a motion asking the court to enter a scheduling order and set the case for trial. The trial court entered a scheduling order in December 2011 in which it set deadlines for producing documents and taking depositions of parties and non-parties. The court scheduled the case to be tried in April 2012.

Despite the court's scheduling order, Mr. Mahaffey and Mr. Shofner reached an impasse with regard to producing tax returns, and they refused to go forward with discovery depositions until the tax return(s) were produced. Midstate was not involved with any discovery dispute, but was planning to take Mr. Mahaffey's deposition once Mr. Mahaffey and Mr. Shofner agreed to a date.

The discovery deadlines the trial court set in its scheduling order came and went without any depositions being taken and with discovery still outstanding. In March 2012 Midstate filed a motion pursuant to Tennessee Rule of Civil Procedure 41.02(1) in which it asked the court to dismiss Mr. Mahaffey's claims against it based on Mr. Mahaffey's failure to prosecute and/or comply with the court's scheduling order. Midstate represented to the trial court that Mr. Mahaffey took no steps to prosecute his case against Midstate from the time when the trial court granted Mr. Mahaffey a new trial in August 2005, and Mr. Mahaffey did not dispute this representation. Mr. Shofner filed a motion shortly thereafter asking the court to dismiss Mr. Mahaffey's claims against him due to Mr. Mahaffey's failure to comply with the scheduling order and provide discovery the court ordered him to produce.

---

[1]Midstate alleges it was involuntarily dismissed from the case at the close of Mr. Mahaffey's proof in 2002, which Mr. Mahaffey does not dispute.

## II. TRIAL COURT'S ORDER

The trial court initially dismissed Mr. Mahaffey's claims against both Mr. Shofner and Midstate due Mr. Mahaffey's failure to prosecute his case. However, after realizing that both Mr. Shofner and Mr. Mahaffey were responsible for the delays that caused the case to stagnate, the court revised its earlier position and denied Mr. Shofner's motion to dismiss Mr. Mahaffey's claims against him. The court did, however, dismiss Mr. Mahaffey's claims against Midstate based on Mr. Mahaffey's failure to prosecute these claims. In its Order dated April 13, 2013, the trial court wrote:

> At the hearing on the motions to dismiss on April 2, 2012, the court announced a belief both motions were well taken and should be granted. After becoming aware of the entire very lengthy history of the dispute between Shofner and Mahaffey the court is of the opinion fault for the glacial pace of litigation cannot entirely be laid at the feet of Mahaffey. Both Shofner and Mahaffey have made claims against the other which neither actively advanced for many years. Present counsel was not involved in the first litigation or the first trial in the present litigation and this circumstance has caused some delay. Given some fault for the delay in advancing this case by both Shofner and Mahaffey, the court is of the opinion Shofner's motion should be denied. However, because Mahaffey has failed to prosecute his claim against Midstate without any countervailing fault on Midstate's part, Midstate's motion to dismiss should be granted. **ACCORDINGLY, Shofner's motion to dismiss is hereby DENIED and Midstate's motion to dismiss is hereby GRANTED.**

Upon Midstate's motion, the court entered an order in August decreeing its April Order be deemed a final judgment to permit Mr. Mahaffey to appeal the trial court's dismissal of his claims against Midstate before the new trial between Mr. Shofner and Mr. Mahaffey commenced.

Mr. Mahaffey makes two arguments on appeal. First, he argues that Midstate's motion to dismiss was not properly before the court because Midstate put the wrong case number on its motion and therefore did not file its motion in the proper case. Second, Mr. Mahaffey contends the trial court abused its discretion by dismissing his claims against Midstate based on his failure to prosecute.

## III. SCRIVENER'S ERRORS

With regard to Mr. Mahaffey's first argument, the record shows that on its motion to

-3-

dismiss and on its motion for final judgment Midstate used the correct style but typed the wrong case number next to the style. The motions were properly served on counsel for Mr. Mahaffey and Mr. Shofner, and each party's counsel appeared at the designated times and places for the hearings on both of Midstate's motions.[2]

During the hearing on Midstate's motion for a final order, Mr. Mahaffey brought Midstate's error to the court's attention.[3] Midstate made an oral motion to correct the case number on the motions it filed that contained the incorrect case number. The trial court granted Midstate's oral motion because Mr. Mahaffey had suffered no prejudice as a result of the error. The trial court wrote in its Order dated August 17, 2012:

> [T]he Defendant has brought to the Court's attention the scrivener's error by Midstate Finance Company Inc.'s attorney in placing the wrong case number but the correct style on the Motion to Dismiss and Motion for Final Judgment in this cause. This Court finds that no prejudice was caused by such scrivener's error and that all parties received the Motion and adequate notice of the relief sought. Further, all parties argued their positions, both legal and factual, relative to such motions. Therefore, this Court grants Midstate Finance Company Inc.'s oral Motion to Amend and/or transfer its Motion to Dismiss and Motion for Final Judgment to reflect the correct case number.

Mr. Mahaffey argues in his brief that because Midstate wrote the incorrect case number on its motions, the motions were not filed in this case and therefore were not properly before the trial court for consideration. Mr. Mahaffey's argument is not well taken for the reasons set forth by the trial court. The parties and the court proceeded with the motions. Mr. Mahaffey has failed to convince us that Midstate's error was anything more than a scrivener's error that caused no prejudice to anyone.

Recognizing that scrivener's errors occur, courts routinely overlook these inadvertent mistakes to address the underlying substantive issues when no prejudice has been suffered as a result of the mistakes. *See, e.g., In re Music City RV, LLC*, 304 S.W.3d 806, 810 n.2 (Tenn. 2010) (Court recognized scrivener's error in title of statute and interpreted provision according to language of statute rather than according to erroneous title); *Hill v. Hill*, 2008

---

[2]The record does not include a response by Mr. Mahaffey to Midstate's motion to dismiss, but it includes a Supplemental Response of Eddie Mahaffey to Motions to Dismiss for Failure to Prosecute Filed by Plaintiff and Third Party Defendant.

[3]The record includes a transcript of the hearing on Midstate's motion for entry of a final judgment, but it does not include a transcript of the hearing on Midstate's motion to dismiss. As a result, we cannot know to what extent this issue was discussed at the earlier hearing.

WL 110101, at *2-3 (Tenn. Ct. App. Jan. 9, 2008) (court disregarded incorrect title of motion to address substantive issue raised); *Shelter Mut. Ins. Co. v. Wilbourn*, 1990 WL 11077, at *2 (Tenn. Ct. App. Feb. 13, 1990) (reviewing court recognized trial court's finding of fact included scrivener's error where finding was "so contrary to the testimony").

Mr. Mahaffey does not contend he suffered any prejudice as a result of Midstate's scrivener's error. We therefore affirm the trial court's judgment granting Midstate's oral motion to correct the case numbers on its motion to dismiss and motion for final judgment and hold Midstate properly filed its motions with the trial court in a timely fashion.

### IV. MOTION TO DISMISS FOR FAILURE TO PROSECUTE

Midstate relied on Tennessee Rule of Civil Procedure 41.02(1) to argue Mr. Mahaffey's claims against it should be dismissed based on Mr. Mahaffey's failure to prosecute his claims against it and/or comply with the court's scheduling order. Rule 41.02(1) is titled "Involuntary Dismissal – Effect Thereof" and provides:

> (1) For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.

An appellate court reviews a trial court's decision to dismiss a case for failure to prosecute under an abuse of discretion standard. This means that the reviewing court will second-guess the trial court only when it has acted unreasonably, arbitrarily, or unconscionably. *Hodges v. Tennessee Attorney General*, 43 S.W.3d 918, 921 (Tenn. Ct. App. 2000). The reviewing court is to begin with the presumption that the trial court's decision is correct and should review the evidence in the light most favorable to the decision. *Amanns v. Grissom*, 333 S.W.3d 90, 98 (Tenn. Ct. App. 2010).

"Tennessee's trial courts possess broad discretionary authority to control their dockets and the proceedings in their courts. They have the express authority to dismiss cases for failure to prosecute or for failure to comply with the Tennessee Rules of Civil Procedure or the orders of the court." *Hessmer v. Hessmer*, 138 S.W.3d 901, 904 (Tenn. Ct. App. 2003) (citing *Hodges* 43 S.W.3d at 921); *see Langlois v. Energy Automation Systems, Inc.*, 332 S.W.3d 353, 358 (Tenn. Ct. App. 2009) ("trial courts of Tennessee must and do have the discretion to impose sanctions such as dismissal in order to penalize those who fail to comply with the Rules and, further, to deter others from flouting or disregarding discovery orders"). As the Tennessee Court of Appeals explained in *Osagie v. Peakload Temp. Servs.*, 91 S.W.3d 326 (Tenn. Ct. App. 2002):

This rule is necessary to enable the court to manage its own docket, and to protect defendants against plaintiffs who are unwilling to put their claims to the test, but determined to subject them to the continuing threat of an eventual judgment.

*Id.* at 329.

The facts of this case date back two decades, to the 1990s. The initial complaint was filed nearly ten years before Midstate filed its motion to dismiss. Midstate was involuntarily dismissed from the case once, at the end of 2002, following the close of Mr. Mahaffey's proof. The case then lay dormant from the end of 2002 until the trial court granted Mr. Mahaffey a new trial in August 2005. Once he was granted a new trial, Mr. Mahaffey took no steps to proceed with his case against Midstate. The record does not indicate Mr. Mahaffey served any discovery on Midstate or took depositions of any of its employees or representatives.[4] Mr. Mahaffey requested the trial court to enter a scheduling order in December 2011, but then failed to comply with the court's scheduling order by producing discovery or appearing for his deposition, thereby causing further delay in the case.

Based on Mr. Mahaffey's failure to take any steps against Midstate to move the case forward since 2002, when Midstate was dismissed from the case, and based on Mr. Mahaffey's refusal to comply with the trial court's scheduling order, thereby causing further delay, we conclude the trial court did not abuse its discretion in dismissing Mr. Mahaffey's complaint against Midstate. *See Fischer v. Sverdrup Tech., Inc.*, 2011 WL 2348318, at *1-3 (Tenn. June 7, 2011) (Supreme Court affirmed trial court's dismissal of complaint for failure to prosecute where plaintiff had not taken physician's deposition more than eleven years after injury occurred and more than six years after complaint was filed); *Osagie*, 91 S.W.3d at 329 (Court of Appeals affirmed trial court's dismissal for failure to prosecute where plaintiff refused to try case scheduled less than just one year after complaint was filed); *Hodges*, 43 S.W.3d at 919-21 (appellate court affirmed trial court's dismissal of complaint eleven months after it was filed because plaintiff failed to provide clerk with completed summons and copies of complaint to be served on defendants).

---

[4]Mr. Mahaffey complains that Midstate did not serve discovery on any party and relied on the discovery conducted by the other parties, effectively leaving preparation of the case to Mr. Mahaffey and Mr. Shofner. As a defendant with no claims against the other parties, Midstate is not required or expected to take any action to move the case along; that is the job of the plaintiff(s).

## V. Conclusion

The trial court's judgment is affirmed.  Costs of appeal are assessed against the appellant, Eddie Mahaffey, for which execution shall issue if necessary.

_____
PATRICIA J. COTTRELL, JUDGE