

FILED
February 9, 2016
TN COURT OF
WORKERS' COMPENSATION
CLAIMS
TIME 10:48 AM

# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | | |
|---|---|---|
| **Curtis Hickey** | ) | **Docket No.: 2015-05-0136** |
| **Employee,** | ) | |
| **v.** | ) | **State File No.: 21266-2015** |
| | ) | |
| **Hermitage Hall** | ) | |
| **Employer,** | ) | |
| **And** | ) | **Judge Dale Tipps** |
| | ) | |
| **Sedgwick CMS** | ) | |
| **Insurance Carrier.** | ) | |

---

## ORDER OF DISMISSAL WITH PREJUDICE

---

THIS CAUSE came before the undersigned Workers' Compensation Judge upon the employer, Hermitage Hall's, Motion to Dismiss, filed December 30, 2015. Hermitage Hall moved for dismissal pursuant to Rules 37.02(C) and 41.02(1) of the Tennessee Rules of Civil Procedure. After Mr. Hickey filed his response to the motion, the Court conducted a telephonic hearing on February 4, 2016, with counsel for both parties participating.

The procedural history of this case is as follows: Mr. Hickey filed a Petition for Benefit Determination on May 6, 2015. As he never requested a hearing, Hermitage Hall filed a Request for Expedited Hearing on August 20, 2015. Mr. Hickey left a voicemail for Hermitage Hall's attorney the night before the scheduled hearing, stating he had to attend a family funeral. Mr. Hickey then failed to appear at the Expedited Hearing, which was reset for October 7, 2015. On the morning of October 7, Mr. Hickey appeared, but requested a continuance in order to retain legal counsel. The Court reset the hearing again for November 19, 2016. Mr. Hickey appeared without an attorney on

1

November 19, and the hearing went forward, resulting in the Court's November 25, 2015, Order for Medical Benefits.

On November 24, 2015, Hermitage Hall filed a Motion to Compel responses to its written discovery requests to Mr. Hickey. Mr. Hickey filed no response to the motion, and the Court issued an Order on December 8, 2015, requiring him to respond to Hermitage Hall's outstanding interrogatories and requests for production, and to execute the requested medical releases within fifteen days. Mr. Hickey failed to comply. On January 28, 2016, the Court conducted an Initial Hearing, which Mr. Hickey failed to attend.

Hermitage Hall moved to dismiss the claim on the grounds that Mr. Hickey has made no effort to pursue his claim. It notes his failure to request a hearing, the two continuances, his failure to retain counsel within the time allotted by Court, his failure to respond to or appear for the Motion to Compel, his failure to participate in the Initial Hearing on January 28, 2016, and his failure to select a physician from the panel provided pursuant to the Court's November 25, 2015 Order. Hermitage Hall also contends dismissal is appropriate in light of Mr. Hickey's failure to respond to the written discovery requests pending since June 2015.

Mr. Hickey has now retained counsel, and his attorney entered a Notice of Appearance on January 12, 2016. Counsel for Mr. Hickey argues dismissal of the claim would be manifestly unjust because any misconduct was unintentional and occurred while Mr. Hickey was unrepresented. He contends Mr. Hickey "is a lay person who lacks a complete understanding of the complex procedures of the Bureau of Workers' Compensation, and who failed to fully appreciate what was required of him by this Court." During the hearing, counsel also stated that, as a layperson, Mr. Hickey does not understand the relevance of his prior medical records and feels the information in those records is personal and private. Finally, Mr. Hickey also contends dismissal is unmerited because Hermitage Hall has not demonstrated any prejudice it suffered because of his failure to respond to discovery.

2

Rule 41.02(1) of the Tennessee Rules of Civil Procedure allows a defendant to move for dismissal of a claim "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court." Further, if a party "fails to obey an order to provide or permit discovery, . . . the court in which the action is pending may make such orders in regard to the failure as are just," including entering an order dismissing the action. *Tenn. R. Civ. P.* 37.02.

Mr. Hickey's attorney argues dismissal would be unjust because any misconduct was unintentional. The procedural history of this claim belies this contention. Taken alone, Mr. Hickey's desultory efforts to prosecute his claim and his repeated refusal to participate in discovery might well be sufficient grounds for sanctions. His refusal to comply with the Court's December 8, 2015 order removes all doubt.

Mr. Hickey not only failed to comply with the Court's order, but it is clear from the record[1] and statements of counsel that his refusal to answer the written discovery was based upon his belief that records of prior medical treatment were private and irrelevant to his claim. This constitutes an intentional disregard for the rules of this Court and an active, ongoing refusal to obey this Court's order. As such, it is the duty of this Court to impose appropriate sanctions. "The trial courts of Tennessee must and do have the discretion to impose sanctions such as dismissal in order to penalize those who fail to comply with the Rules and, further, to deter others from flouting or disregarding discovery orders." *Holt v. Webster*, 638 S.W.2d 391, 394 (Tenn. Ct. App. 1982).

Counsel for Mr. Hickey also contends all Mr. Hickey's violations of the discovery rules occurred while he was unrepresented. He contends Mr. Hickey is an unsophisticated layperson who did not understand what was required of him by the Court. The Court first notes Mr. Hickey is represented by counsel and has been since at least January 12, 2016. Nevertheless, he still failed to respond to the outstanding discovery before the dismissal hearing. Further, the Court had the opportunity to observe Mr. Hickey, a teacher, successfully establish a workplace accident during the Expedited

---

[1] Hermitage Hall's Expedited Hearing Brief included a copy of an email from Mr. Hickey to Bureau Mediator, Angela Sparkman. In it, Mr. Hickey refused to provide additional medical information, "as the notes from the recent attending [doctors] are sufficient."

Hearing. The Court is unpersuaded that he is too unworldly or unintelligent to understand the simple language of the December 8, 2015 Order that: "Mr. Hickey shall respond to the June 2, 2015 Interrogatories and Requests for Production and execute the requested medical record releases within fifteen days of the date of this Order."

> Trial courts should exercise restraint when dismissing a party's claims because "[t]he interests of justice are best served when lawsuits are resolved on their merits after trial." Dismissal for failure to prosecute or failure to abide by discovery rules is a severe sanction that "run[s] counter to the judicial system's general objective of disposing of cases on the merits." For this reason, the judiciary generally favors lesser sanctions when appropriate. But the effectiveness of discovery and procedural rules would diminish if trial courts lacked ample authority to sanction their violation.

*Langlois v. Energy Automation Sys., Inc.*, 332 S.W.3d 353, 357 (Tenn. Ct. App. 2009) (citations omitted).

Mr. Hickey, in addition to his failure to prosecute his claim, deliberately or willfully continues to flout the Court's order. Under these circumstances, the Court finds dismissal is an appropriate sanction.

**IT IS, THEREFORE, ORDERED** that the above-captioned matter is hereby dismissed with prejudice. The $150.00 filing fee for this this cause is taxed to the Employer, Hermitage Hall, pursuant to Rule 0800-02-21-.07 of the Mediation and Hearing Procedures, for which execution may issue, as necessary. Unless an appeal of this order is filed with the Workers' Compensation Appeals Board or the Tennessee Supreme Court, this order shall become final in thirty days.

**ENTERED this the 9th day of February, 2016.**

_____
**Dale Tipps, Judge**
**Court of Workers' Compensation Claims**

4

Right to Appeal:

Tennessee Law allows any party who disagrees with this Dismissal Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within thirty days* of the date the Compensation Order was entered by the Workers' Compensation Judge. *See* Tenn. Comp. R. & Regs. 0800-02-22-.01(1)(b).

3. Serve a copy of the Request For Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Workers' Compensation Appeals Board, the appeal will be docketed and assigned to an Appeals Board Judge for Review. At that time, a docketing notice shall be sent to the parties. Thereafter, the parties have fifteen calendar days to submit briefs to the Appeals Board for consideration. *See* Tenn. Comp. R. & Regs. 0800-02-22-.02(3).

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Order was sent to the following recipients by the following methods of service on this the 9th day of February, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|----------------|---------|-----------|------------------|
| Zachary Wiley |  |  | X | ZWILEY@forthepeople.com |
| Gregory Fuller |  |  | X | ghfuller@mijs.com |

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**