IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 2, 2019

## JOHNATHON CUDDEFORD F/K/A JOHNATHON BOYER v. ADAM M. JACKSON

**Appeal from the Circuit Court for Henry County**
No. 40CC1-2015-CV-3841     Donald E. Parish, Judge

———————————————————

**No. W2019-00539-COA-R3-CV**

———————————————————

This is an appeal from the judgment in a personal injury action in which the plaintiff sought to recover damages incurred in a motorcycle accident. Following the plaintiff's failure to comply with the defendant's discovery requests, the trial court sanctioned the plaintiff by prohibiting him from introducing a portion of the defendant's deposition testimony at trial. The case was tried before a jury with the sanctions in place, and the jury returned a verdict in the defendant's favor. This appeal followed. Discerning no reversible error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which RICHARD H. DINKINS and ARNOLD B. GOLDIN, JJ., joined.

David V. Oakes, Paducah, Kentucky, for the appellant, Johnathon Cuddeford.

Shawn L. Caster, Nashville, Tennessee, for the appellee, Adam M. Jackson.

## OPINION

### I.     BACKGROUND

The appellant Johnathon Cuddeford ("Plaintiff") commenced this action on December 30, 2015, alleging that the appellee, Adam Jackson ("Defendant"), backed out of a driveway into Plaintiff's path thereby causing Plaintiff "to lose control of the motorcycle he was riding and crash." Plaintiff alleged that Defendant was negligent by

failing to yield the right of way and by failing to keep a proper lookout. Plaintiff sought damages for his past and future medical expenses, pain and suffering, lost income, and loss of enjoyment of life. In his answer, Defendant denied the allegations in the complaint, affirmatively averred "that he had not reached the end of his driveway when he saw Plaintiff come off the roadway and lay down his motorcycle," and asserted the affirmative defense of comparative negligence on Plaintiff's part.

On February 2, 2016, Defendant propounded interrogatories and a request for production of documents, pursuant to Tennessee Rules of Civil Procedure 26 and 33. Plaintiff did not respond to the requested discovery, despite Defendant's good faith efforts over a few months to obtain it. Consequently, on May 26, 2016, Defendant filed a motion to compel discovery pursuant to Tennessee Rule of Civil Procedure 37. During the motion hearing, the parties announced their agreement to a consent order compelling discovery. Upon a finding that Plaintiff had "failed and refused to answer" discovery for "no good and sufficient reason," the trial court entered the consent order for Plaintiff to respond to the interrogatories and request for production of documents by July 6, 2016.

After party depositions in April 2017, Plaintiff moved to amend the complaint, citing Defendant's perjury as grounds for amendment. In his amended complaint, Plaintiff reasserted his original claims and added Count II, a claim for punitive damages based on his allegation that Defendant lied in his deposition testimony about the distance his truck was from the road at the time Plaintiff crashed his motorcycle. Plaintiff attached to the amended complaint a photograph of Defendant's truck partially in the roadway. He claimed that the photo captured the scene "immediately after Plaintiff crashed and was injured and before any police investigators arrived." Plaintiff had not produced the photograph during discovery, despite Defendant's specific request for "copies of any photographs . . . relating to the accident scene." Rather, Plaintiff's counsel showed the photograph to Defendant after Defendant's deposition testimony. On May 24, 2018, Defendant moved the court to enter judgment on the pleadings to dismiss Count II of the amended complaint. Defendant also moved the court to order that the photograph of the truck "not be used at the trial of this matter," pursuant to Tennessee Rule of Civil Procedure 37.02. In his response to these motions, Plaintiff argued that his failure to timely produce the photograph "was an inadvertent oversight" and also argued excusable neglect.[1] The trial court rejected these arguments, found Defendant's motions "well taken," dismissed count II of the amended complaint, and "ordered, pursuant to TRCP 37.02, that any deposition testimony of the Defendant regarding the position of his truck at the time of the incident complained of is excluded from use for any purpose due to the failure of Plaintiff to timely produce the photograph of the truck taken by Plaintiff immediately after the incident." The photograph itself was not excluded.

---

[1] As grounds for support of his excusable neglect argument, Plaintiff cited counsel's wife's "substantial health issues in recent years," her "weeks-long hospital stays," counsel's role "as Guardian for one of his brothers-in-law," and counsel's obligation to meet concurrent deadlines in two pending federal cases.

Following a jury trial held on October 3, 2018, the jury unanimously answered "No" to the question, "Do you find the defendant to be at fault?" The trial court entered judgment on the verdict. Plaintiff moved the court to set aside the judgment and to grant a new trial, asserting that Defendant "procured his verdict by making false statements of material fact about the events leading up to plaintiff's injury." Citing Defendant's deposition testimony that his truck was probably fifteen feet away from the roadway at the time of the accident, Plaintiff further contended that it was "very likely that if the jury had been allowed to see [Defendant's] deposition testimony, they would have drawn very different conclusions regarding the defendant's fault." Following a hearing, the court denied Plaintiff's motion for a new trial. This appeal followed.

## II.    ISSUE

We restate the sole issue on appeal as follows: Whether the trial court erred in excluding a portion of Defendant's deposition testimony as a sanction for Plaintiff's failure to comply with discovery.

## III.    STANDARD OF REVIEW

This court reviews a trial court's choice and imposition of discovery sanctions under an abuse of discretion standard. *Alexander v. Jackson Radiology Assocs.*, 156 S.W.3d 11, 14 (Tenn. Ct. App. 2004) (citing *Lyle v. Exxon Corp.*, 746 S.W.2d 694, 699 (Tenn. 1988)). An abuse of discretion occurs where the trial court has applied an incorrect legal standard or where its decision is illogical or unreasoned and causes an injustice to the complaining party. *See Mercer v. Vanderbilt Univ., Inc.*, 134 S.W.3d 121, 131 (Tenn. 2004). "We are not permitted to substitute our judgment for that of the trial court." *Caldwell v. Hill*, 250 S.W.3d 865, 869 (Tenn. Ct. App. 2007).

## IV.    DISCUSSION

Trial courts have broad authority in discovery matters, including the scope of discovery, *Benton v. Snyder*, 825 S.W.2d 409, 416 (Tenn. 1992), the time permitted for discovery, *Payne v. Ramsey*, 591 S.W.2d 434, 436 (Tenn. 1979), and the imposition of sanctions for abuse of discovery, *Brooks v. Uniform Co.*, 682 S.W.2d 913, 915 (Tenn. 1984). The authority to impose sanctions for abuse of the discovery process derives from the rules and the court's inherent powers. *Lyle*, 746 S.W.2d at 698-99.

Tennessee Rule of Civil Procedure 37.02 authorizes a trial court to impose penalties for violation of pretrial procedures contained in Rules 26 through 36. Subsection (B) authorizes the trial court to enter an order "refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence." Tenn. R. Civ. P. 37.02(B). *See*

*also* Tenn. R. Civ. P. 37.03(1) (providing that "[a] party who without substantial justification fails to supplement or amend responses to discovery requests as required by Rule 26.05 is not permitted, unless such failure is harmless, to use as evidence at trial . . . any . . . information not disclosed").

On appeal, Plaintiff repeats the argument he set forth in his motion for new trial:[2]

> To the best of counsel's recollection, the court disallowed use of the deposition based upon concern that there may have been some unfairness to defendant insofar as his recollection may have been legitimately assisted by viewing the photo[] before his testimony. This concern should be set aside based upon the defendant's testimony at trial, wherein he asserted, without any hesitation, that the photo[] did not affect his memory in any way. It is very likely that if the jury had been allowed to see [Defendant's] deposition testimony, they would have drawn very different conclusions regarding the defendant's fault.

Plaintiff also relies on *Pegues v. Ill. Cent. R.R. Co.*, 288 S.W. 3d 350 (Tenn. Ct. App. 2008), to argue that the sanction at issue here was too harsh. In *Pegues*, the trial court ordered Mr. Pegues to produce two doctors for deposition within forty-five days of entry of its April 26, 2007 order. *Id*. at 352. Because Mr. Pegues was unable to do so, the railroad moved to dismiss the case under Tennessee Rule of Civil Procedure 37.02(C). *Id*. In response to the railroad's motion, Mr. Pegues stated that one doctor's counsel had advised that the doctor was unwilling to sit for deposition and would assert his Fifth Amendment right to refuse to answer any questions which might be posed in a deposition. *Id*. at 353. Mr. Pegues also stated that the second doctor had been unavailable for deposition due to illness and attached correspondence in which the second doctor stated that he anticipated being available from August 1, 2007. *Id*. The trial court granted the railroad's motion and dismissed entirely Plaintiff's cause of action under Rule 37.02(C) for failure to comply with a pretrial discovery order. *Id*. On appeal, we noted that Mr. Pegues had attempted to comply with the trial court's order and that discovery was within the bounds of the trial court's April 2007 scheduling order. *Id*. at 355. We determined that, based on the totality of the record, dismissal was too drastic a sanction, so we vacated the trial court's order and remanded for further proceedings. *Id*.

The facts before us now are distinguishable from those of *Pegues*. Here, Plaintiff's counsel demonstrated no efforts to participate in discovery, even after Defendant's counsel twice renewed his request for interrogatories and production of documents, and agreed to extend the response deadline. Despite the trial court's order to

---

[2] At trial, Plaintiff made an oral motion for permission to cross-examine Defendant using Defendant's deposition testimony. The court denied the motion and upheld its previous ruling excluding the testimony. However, at trial, Plaintiff used the photograph during his cross-examination of Defendant.

answer interrogatories and produce documents, including photographs, by July 6, 2016, Plaintiff failed to provide the photograph until many months later during depositions. On July 20, 2016, Defendant received Plaintiff's responses to interrogatories, but no response to the request for production of documents other than a medical authorization was provided. Plaintiff does not dispute these facts. Moreover, the sanction of outright dismissal in *Pegues* was drastic compared to the underlying facts. The same cannot be said here. Plaintiff was still permitted to use the photograph during his cross-examination of Defendant at trial.

Again, we will not disturb the trial court's choice and imposition of a discovery sanction absent an abuse of discretion. *Langlois v. Energy Automation Sys., Inc.*, 332 S.W.3d 353, 356 (Tenn. Ct. App. 2009) (citing *Pegues*, 288 S.W.3d at 353). "'We will reverse a trial court's decision to impose sanctions only if the court 'has acted unreasonably, arbitrarily, or unconscionably.'" *Langlois*, 332 S.W. 3d at 356 (quoting *Hodges v. Attorney General*, 43 S.W.3d 918, 921 (Tenn. Ct. App. 2000)). Plaintiff has not so argued, nor do we so find, based on this record. Given Plaintiff's failure to comply with the relevant Rules of Civil Procedure and with the trial court's order, the trial court acted within its discretion to impose sanctions pursuant to Rule 37.02(B) excluding Plaintiff's use of a portion of Defendant's deposition testimony. Accordingly, we find no error with the trial court's decision.

## V.    CONCLUSION

The judgment of the trial court is affirmed. The case is remanded for such further proceedings as may be necessary and consistent with this Opinion. Costs of the appeal are taxed to the appellant, Johnathon Cuddeford, for which execution may issue if necessary.

_____
JOHN W. MCCLARTY, JUDGE