IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 1, 2020

**WILLIE GORDON v. WILLIAM LOUIS CHAPMAN**

**Appeal from the Circuit Court for Shelby County**
**No. CT-003624-18       Rhynette N. Hurd, Judge**

_____

**No. W2019-01655-COA-R3-CV**
_____

Two men were driving along I-40 in Memphis when their cars collided. One driver sued the other driver for damages, alleging negligence, and the other driver counter-sued, also alleging negligence. The defendant filed a motion to compel the plaintiff to supplement his discovery responses. The trial court ordered the plaintiff to serve his supplemental discovery on the defendant's attorney by August 2, 2019, and stated that the case would be dismissed if he failed to comply. The plaintiff failed to meet the deadline or ask for an extension, and the court dismissed the plaintiff's complaint. The plaintiff appeals, and we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which CARMA DENNIS MCGEE, and KRISTI M. DAVIS, JJ., joined.

Willie Gordon, Memphis, Tennessee, Pro se.

Sam R. Marney, III, Memphis, Tennessee, for the appellee, William Louis Chapman.

**OPINION**

I. FACTUAL AND PROCEDURAL BACKGROUND

Willie Gordon and William Louis Chapman were each driving on I-40 in Memphis on December 31, 2017, when their cars collided. Mr. Gordon filed suit against Mr. Chapman in general sessions court. Mr. Chapman prevailed, and Mr. Gordon appealed to the circuit court. Mr. Gordon alleged Mr. Chapman's negligence caused the cars to collide, and he sought damages for pain and suffering.[1] Mr. Chapman answered the complaint and

_____
[1]Mr. Gordon also sought damages to cover the repairs to the vehicle he was driving. However, his claim for property damage was dismissed because Mr. Gordon did not own the vehicle he was driving.

filed a counter-claim, alleging that Mr. Gordon's negligence was the cause of the accident and seeking damages for the cost of repairing his vehicle.

The parties served discovery on one another and appeared for a status hearing on April 26, 2019. The trial court set the case to be tried on September 9, 2019, and ordered Mr. Gordon to supplement his incomplete discovery responses to Mr. Chapman. In an order filed on June 17, 2019, the trial court wrote: "Plaintiff/Counter-Defendant Gordon shall supplement his written discovery responses with a description of his claimed injuries . . . in response to [Mr. Chapman's] Interrogatory No. 8 and an itemization of the medical bills Mr. Gordon plan[ned] to prove as evidence of damages in response to Mr. Chapman's Interrogatory No. 20." On July 10, 2019, Mr. Chapman moved for discovery sanctions against Mr. Gordon due to Mr. Gordon's failure to comply with the scheduling order. According to Mr. Chapman, Mr. Gordon produced some of his medical bills but failed to supplement his responses to the interrogatories numbered 8 and 20 as the court had ordered.

The trial court held a hearing on July 26, 2019, to consider Mr. Chapman's motion for sanctions. Mr. Gordon attended the hearing and was heard by the court. The record does not include a transcript of the hearing, but the court's order states that the court instructed Mr. Gordon to file and serve his supplemental discovery responses to Mr. Chapman's discovery requests "no later than 9:00 a.m. on Friday, August 2, 2019." If he failed to supplement his responses by that date and time, the court informed Mr. Gordon, "the Court will dismiss his case with prejudice." The court held a hearing on August 2, and after hearing from both Mr. Chapman's attorney and Mr. Gordon, it dismissed Mr. Gordon's case against Mr. Chapman with prejudice because Mr. Gordon failed to supplement his responses by that date, as ordered. The court filed an order dismissing Mr. Gordon's case with prejudice on August 16, 2019.[2]

Mr. Gordon appeals the trial court's dismissal of his case. Mr. Gordon states in his brief that he supplemented his responses by August 8, 2019, and that he made an oral motion for the acceptance of his supplemental discovery. The appellate record does not reflect that Mr. Gordon supplemented his discovery responses or that he made an oral motion that his responses be accepted.

## II. ANALYSIS

The trial court dismissed Mr. Gordon's lawsuit on procedural grounds, namely Mr. Gordon's failure to comply with the court's orders to supplement his responses to two of Mr. Chapman's discovery requests. Trial courts are authorized to sanction a party for "'failure to make or cooperate in discovery.'" *Griffith Servs. Drilling, LLC v. Arrow Gas & Oil, Inc.*, 448 S.W.3d 376, 379 (Tenn. Ct. App. 2014) (quoting *Cincinnati Ins. Co. v.*

---

[2]Mr. Chapman dismissed his counter-claim against Mr. Gordon when the court dismissed Mr. Gordon's action.

*Mid-South Drillers Supply, Inc.*, No. M2007-00024-COA-R3-CV, 2008 WL 220287, at *3-4 (Tenn. Ct. App. Jan. 25, 2008)); *see generally* TENN. R. CIV. P. 37. Rule 37.01 directs a party to file a motion to compel another party to respond to one or more interrogatories, as Mr. Chapman did in this case. "[A]n evasive or incomplete answer is to be treated as a failure to answer." TENN. R. CIV. P. 37.01(3). Once the court issues an order directing the non-complying party to respond to, or supplement, the party's discovery responses, the court may sanction the non-complying party if he or she then fails to comply with the court's order. TENN. R. CIV. P. 37.02. Specifically, Rule 37.02(C) authorizes a court to dismiss the case if a party fails to comply with an order to provide discovery:

> If a . . . party . . . fails to obey an order to provide or permit discovery, including an order made under Rule 37.01 or Rule 35, or if a party fails to obey an order entered under Rule 26.06, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> . . . .
>
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or *dismissing the action or proceeding or any part thereof*, or rendering a judgment by default against the disobedient party.

TENN. R. CIV. P. 37.02 (emphasis added).

A trial court has broad discretion when sanctioning a party for failing to comply with the discovery rules or orders of the court. *Mercer v. Vanderbilt Univ., Inc.*, 134 S.W.3d 121, 133 (Tenn. 2004); *Langlois v. Energy Automation Sys., Inc.*, 332 S.W.3d 353, 356 (Tenn. Ct. App. 2009); *Meyer Laminates (SE), Inc. v. Primavera Distrib., Inc.*, 293 S.W.3d 162, 168 (Tenn. Ct. App. 2008). As we have written,

> "Trial courts possess inherent, common-law authority to control their dockets and the proceedings in their courts. Their authority is quite broad and includes the express authority to dismiss cases for failure to prosecute or to comply with the Tennessee Rules of Civil Procedure or the orders of the court."

*Langlois*, 332 S.W.3d at 357 (quoting *Hodges v. Att'y Gen.*, 43 S.W.3d 918, 921 (Tenn. Ct. App. 2000)). This type of discretionary decision should not be set aside on appeal unless the trial court "'has misconstrued or misapplied the controlling legal principles or has acted inconsistently with the substantial weight of the evidence.'" *Id.* at 358 (quoting *Meyer Laminates*, 293 S.W.3d at 168); *see also Mercer*, 134 S.W.3d at 133. Appellate courts "'should allow discretionary decisions to stand even though reasonable judicial minds can differ concerning their soundness.'" *Langlois*, 332 S.W.3d at 358 (quoting

*Meyer Laminates*, 293 S.W.3d at 168); *see also Mercer*, 134 S.W.3d at 133. Acknowledging that dismissing an action "is a drastic measure which the court wisely imposes with discretion," we have stated that "dismissal is appropriate where there has been intentional disregard of the trial court's orders or where a party has 'flout[ed]' the court's discovery order." *Pegues v. Ill. Cent. R.R. Co.*, 288 S.W.3d 350, 354 (Tenn. Ct. App. 2008) (quoting *Alexander v. Jackson Radiology Assoc., P.A.*, 156 S.W.3d 11, 14 (Tenn. Ct. App. 2004)); *see also Langlois*, 332 S.W.3d at 357 ("Dismissal is normally appropriate only where there has been a 'clear record of delay or contumacious conduct.'") (quoting *Shahrdar v. Global Hous., Inc.*, 983 S.W.2d 230, 236 (Tenn. Ct. App. 1998)).

In the case at bar, Mr. Chapman was seeking, through discovery, the details of the damages Mr. Gordon was claiming as a result of the collision. Other than proving Mr. Chapman's liability, the proof at trial would likely be focused on Mr. Gordon's damages. The trial court held a status hearing on April 26, 2019, it entered an order on June 17 directing Mr. Gordon to supplement his discovery responses, Mr. Chapman moved for sanctions on July 10, and the court held a hearing to consider the motion for sanctions on July 26. At the hearing on July 26, the court informed Mr. Gordon that he "must file and serve" his supplemental discovery responses "no later than 9:00 a.m. on Friday, August 2, 2019, [or] the Court will dismiss his case with prejudice." When the court held another hearing on August 2 and was informed that Mr. Gordon had not complied with the court's order, it dismissed the case. The court notified Mr. Gordon no later than April 26 that he was required to supplement his discovery responses, and he had more than three months in which to do so before the court dismissed his action. The record does not reflect that Mr. Gordon was having difficulty obtaining any of the records that he needed to comply with the court's order in a timely manner.

Mr. Gordon represented himself at the trial court level and is representing himself on appeal. We recognize that pro se litigants "are entitled to the fair and equal treatment of the courts," *Murray v. Miracle*, No. E2010-02425-COA-R3-CV, 2011 WL 13165396, at *5 (Tenn. Ct. App. Sept. 8, 2011), but they may not "'shift the burden of litigating their case to the courts,'" *id.* (quoting *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). As we stated in *Murray v. Miracle*,

> The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system, but also must be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003). Accordingly, pro se litigants must comply with the same substantive and procedural law to which represented parties must adhere. *Hodges*, 43 S.W.3d at 920-21. However, the courts give pro se litigants who lack formal legal training a certain amount of leeway in drafting their pleadings and briefs. We measure the papers prepared by pro se litigants using standards that are less stringent than those applied to papers prepared

by lawyers. The courts should give effect to the substance, rather than the form or terminology, of a pro se litigant's papers. *See Alex Lyon & Son Sales Managers & Auctioneers, Inc. v. Boles*, No. M2010-00388-COA-R3-CV, 2010 WL 3895520, at *2 (Tenn. Ct. App. Oct. 5, 2010).

*Murray*, 2011 WL 13165396, at *5. The plaintiffs in *Murray v. Miracle* failed to respond to the defendants' discovery requests, and the trial court issued an order requiring the plaintiffs to provide responses, pay a cost bond, and pay $438.32 to the defendants' attorney as expenses incurred in obtaining the motion to compel. *Id.* at *2. The plaintiffs began representing themselves after the court issued the order, and they filed a pleading with the court explaining that their attorney's inattention to the case was the reason their discovery responses had not been filed and that they would provide the responses as soon as they were able to obtain their files from their former attorney. *Id.* The plaintiffs asserted that no cost bond was warranted and asked the court to reconsider its order that they pay the defendants' attorney's fee. *Id.*

The trial court in *Murray v. Miracle* held a hearing a few months later and dismissed the plaintiffs' case pursuant to Tenn. R. Civ. P. 37.02(C) when it learned that the plaintiffs had failed to pay the defendants' attorney's fee or the cost bond as ordered. *Id.* at *4. We reversed the dismissal on appeal, concluding that the trial court abused its discretion by failing to address the plaintiffs' request for reconsideration before dismissing their case. *Id.* at *6. We noted that the plaintiffs, who were pro se at that point, had filed a pleading that was "inartfully drawn." *Id.* at *5. However, we explained that the substance of the pleading was sufficient to inform the court that the plaintiffs were asking it to reconsider its order; therefore, the court abused its discretion in dismissing the plaintiffs' case without first ruling on the motion to reconsider. *Id.* at *6.

The case at bar is distinguishable from *Murray v. Miracle* because, although Mr. Gordon was representing himself as the Murrays were when the court dismissed their case, Mr. Gordon did not file any pleadings or motions asking for more time to supplement his discovery or explain why he was unable to comply with the court's order by August 2.[3] The court warned Mr. Gordon that it would dismiss his case if he failed to comply with the order, and this is exactly what the court did when Mr. Gordon failed to comply. Under these circumstances, we find that the trial court did not abuse its discretion when it dismissed Mr. Gordon's case.

---

[3]The record does not contain a transcript of the hearing on August 2, so we do not know what he told the court that day.

## III.  CONCLUSION

We affirm the trial court's judgment dismissing Mr. Gordon's case with prejudice. Costs of this appeal shall be taxed to the appellant, Willie Gordon, for which execution shall issue if necessary.

_____
ANDY D. BENNETT, JUDGE