Loretta BROOKS, Appellant,

v.

UNITED UNIFORM COMPANY and
the Travelers Insurance
Company, Appellees.

Supreme Court of Tennessee,
at Jackson.

Dec. 31, 1984.

B.J. Wade, Gerber, Gerber & Agee, Louie Polk, Gerber, Gerber & Agee, Memphis, for appellant.

George T. Wheeler, Jr., Harris, Shelton, Dunlap & Cobb, Memphis, for appellees.

## OPINION

FONES, Justice.

The sole issue in this worker's compensation case involves plaintiff's effort to obtain reimbursement of expenses and attorney's fees under T.R.C.P. 37.03, as a sanction against defendant for objecting to certain requests for admissions of facts under rule thirty-six.

Plaintiff sought recovery of benefits arising from two separate accidents, one alleged to have occurred on September 23, 1982, and the other alleged to have occurred on October 18, 1982. At the conclusion of the trial, the court found that plaintiff did not prove that the alleged injury of September 23 was sustained in the course and scope of her employment, and that plaintiff did not comply with the statutory requirements regarding medical treatment and expenses. The trial court, therefore, denied worker's compensation benefits as to the alleged September 23 accident. The trial court, however, held that the October 18 injury was compensable under the Worker's Compensation Act and awarded medical expenses, but the court found that plaintiff was not entitled to any temporary or permanent disability benefits.

Plaintiff filed a motion for expenses and attorney's fees under T.R.C.P. 37.03, for failure to admit matter requested under T.R.C.P. 36. The trial court heard, and denied, plaintiff's motion. Plaintiff did not file a transcript of the evidence adduced at the trial on the merits of the case, nor did she file a transcript of the hearing on the rule thirty-seven motion.

An examination of the technical record reveals that plaintiff filed three separate requests for admissions of fact. Defendant answered the requests, admitted some of the requested matters, denied others, and objected to certain requests that related to medical causation, on the grounds that they called "for the defendant to admit or deny the truth of hearsay statements or documents, ... to admit or deny the medical opinion of a witness, and ... to admit or deny matters not within the knowledge of the defendant or readily obtainable by it."

Plaintiff sought reimbursement for the deposition fees of two doctors, the court reporter's expense for taking the depositions, and an attorney's fee for the preparation and taking of two depositions on the theory that defendant's objection to the medical evidence it was requested to admit required plaintiff to take the depositions of the two doctors for proof at trial.

Tennessee Rules of Civil Procedure 37.03 provides:

If a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make the order unless it finds that (1) the request was held objectionable pursuant to Rule 36.01, or (2) the admission sought was of no substantial importance, or (3) the party failing to admit had reasonable ground to believe that he might prevail on the matter, or (4) *there was other good reason for the failure to admit.* (Emphasis added.)

Rule 37.03 expressly provides for three specific grounds for the court to deny the motion for expenses and one general discretionary ground. 4A J. Moore, W. Taggart & J. Wicker, *Moore's Federal Practice* ¶ 37.04 (2d ed. 1976) has noted that the "good reason" language of Rule 37(c) (the identical federal counterpart of T.R.C.P. 37.03) leaves the matter "largely in the discretion of the trial court." *See Popeil*

915

*Brothers, Inc. v. Schick Electric, Inc.*, 516 F.2d 772, 777 (7th Cir.1975).

 On appeal, the exercise of discretion by a trial court in imposing sanctions will not be disturbed in the absence of an affirmative showing of abuse. *See Holt v. Webster*, 638 S.W.2d 391, 394 (Tenn.App. 1982).

The order denying plaintiff's motion recited that it was heard upon the "entire record," which we do not have before us, and the order failed to delineate the basis for the trial judge's denial.

Not only is the record brought to this Court devoid of any matter upon which an abuse of discretion can be predicated, but it facially shows that the matters objected to by defendant and relied upon by plaintiff as requiring reimbursement for her medical testimony, involved expert opinion which is not subject to discovery under T.R.C.P. 36, for the elementary reason that it is not fact.

Defendant has moved this Court for an award of damages for a frivolous appeal under T.C.A. § 27–1–122. We think this is an appropriate case for such an award. There are three deficiencies on the part of plaintiff in the prosecution of this appeal. The appeal is patently meritless on the face of the record, for the reason stated, but if that threshold deficiency had not been fatal to plaintiff's appeal, we could not have reached the merits of plaintiff's contention because plaintiff failed to bring to this Court the entire record which the trial judge said he took into consideration in passing upon the motion; and last, plaintiff failed to insist that the trial judge specify which of the four grounds delineated in T.R.C.P. 37.03 he applied in denying plaintiff's motion.

The judgment of the trial court is affirmed. The case will be remanded to the trial court for an assessment of damages under T.C.A. § 27–1–122. Costs are assessed against plaintiff.

COOPER, C.J., and BROCK, HARBISON and DROWOTA, JJ., concur.