David L. McINTURFF,
Plaintiff–Appellee,

v.

Frederick L. NEESEMAN, and Margaret P. Neeseman, Defendants–Appellants.

Court of Appeals of Tennessee, Eastern Section, at Knoxville.

Sept. 30, 1998.

Permission to Appeal Denied by Supreme Court March 8, 1999.

Norman H. Newton and Stephen S. Ogle, Crawford, Crawford & Newton, Maryville, for Plaintiff–Appellee.

Eugene B. Dixon, Maryville, for Defendants–Appellants.

## OPINION

FRANKS, J.

This appeal focuses on the action of the Chancellor in striking defendants' jury demand, as a sanction for failing to file jury instructions, in accordance with a pre-trial order.

Defendants in their answer, timely demanded a jury, and the Chancellor, pursuant to Rule 16 of the Tennessee Rules of Civil Procedure, entered an order giving notice of the date for a pre-trial conference, and ordered the parties to file pretrial memoranda with the Court at least five days before the pre-trial conference, and set forth certain matters to be contained in the memoranda. Additionally, the defendants were ordered to:

> Counsel for the party demanding a jury trial will prepare and file a full and complete charge to be given to the jury, covering all issues raised by the pleadings, and the proof to be offered, and the proper legal instruction to be given in connection with each such issue.

Subsequently, the date for the pre-trial conference was changed, and the case was continued. The pre-trial conference came on to be heard before the Judge on January 14, 1997, and at the time of the conference the defendants had not furnished the Court with the ordered jury instructions. The Chancellor determined that the defendants had failed to comply with the pre-trial order, and granted the plaintiff's motion to set the case for trial and "strike the defendants' jury demand as a sanction". The non-jury trial date was set for February 13, 1997, and on January 15, 1997, twenty-nine days before the scheduled trial, defendants filed what they describe as a "complete charge to be given to the jury, covering all issues raised by the pleadings". Nevertheless, the case went to trial before the Chancellor without a jury, and after hearing evidence, the Chancellor entered judgment for plaintiff.

Defendants argue on appeal that the Trial Court's action wrongfully denied their right to a jury trial, and that submitting the jury charge twenty-nine days before trial was in substantial compliance with the pre-trial order.

The gravamen of this action was for damages for an alleged breach of contract. A breach of contract is a fact to be determined, and defendants were entitled to have a jury try all material fact issues in dispute. T.C.A. § 21–1–103.

A trial judge is authorized by Rule 16.06 T.R.C.P., upon finding that an attorney has failed to obey a pre-trial order, to order sanctions, "as are just". Where a trial judge has ordered sanctions pursuant to the Rules of Civil Procedure, we will not disturb such action in the absence of affirmative showing of abuse of discretion. *Brooks v. United Uniform Co.*, 682 S.W.2d 913 (Tenn.1984). In our view, the Trial Judge abused his discretion in striking the demand for a jury to try any disputed issues of fact. The Trial Judge singled out the defendants to prepare a proposed jury charge because they had demanded a jury, and refused to lift the sanctions when a full jury charge was filed with the Court some four weeks prior to trial. Moreover, there was no showing that the other party had been prejudiced by the

failure to comply with the order. *See McBride v. Allen,* 720 S.W.2d 459 (Tenn.App. 1979).

■ However, on the record before us we are constrained to say that the action of the Trial Court in refusing to empanel a jury was harmless error. *See* Rule 36, T.R.A.P. Defendants have not presented us with a transcript of the evidence of the trial, and the Trial Judge in his memorandum opinion stated that the "the facts are not in all that serious—not at all seriously disputed, that is the major facts...." To avoid application of T.R.A.P. Rule 36, defendants were required to establish in the record that there were material facts in dispute which would trigger the right to a jury trial. Without a transcript of evidence, we cannot make such determination.

Defendants have raised other issues as to the measure of damages, the validity of the contract, and the admission of certain evidence. We cannot review these issues, as well, because we do not have a transcript of the evidence presented before the Chancellor.

Accordingly, we affirm the judgment of the Trial Court and remand with cost of the appeal assessed one-half to each party.

HOUSTON M. GODDARD, P.J. and DON T. MCMURRAY, J., concur.