IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 31, 2002

## KELLY LEE CRAWFORD, ET AL. v. BRIAN C. BEATTY, M.D., ET AL.

Appeal from the Circuit Court for Davidson County
No. 98C-2519     Carol Soloman, Judge

No. M2001-01661-COA-R3-CV - Filed January 14, 2003

The Circuit Court of Davidson County granted summary judgment to the defendants on this medical malpractice case, holding that the claim was barred by the statute of limitations. The court also awarded the defendants their costs and attorney's fees as sanctions for the plaintiffs' false answers in discovery. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM C. KOCH, JR. and WILLIAM B. CAIN, JJ., joined.

Kelly Lee Crawford and James R. Crawford, Nashville, Tennessee, Pro Se.

David L. Steed and Kristen Murphy Anderson, Nashville, Tennessee, for the appellees, Brian C. Beatty, M.D. and Bruce R. Goodman, M.D.

**OPINION**

**I.**

In August of 1995, Dr. Brian Beatty gave the plaintiff, Kelly Crawford, an injection of terbutaline to prevent premature labor. Mrs. Crawford's regular obstetrician, D. Bruce Goodman, continued Mrs. Crawford on the same drug through September 14, 1995 when she delivered a healthy child.

Mrs. Crawford, a commercial pilot, was diagnosed with postpartum cardiomyopathy on November 24, 1995. Early in 1996 she and her family moved to Arizona. In May of 1996 and again in April of 1997 Mrs. Crawford told doctors treating her for other maladies that her cardiomyopathy was caused by the terbutaline she received during her pregnancy. In October of 1996 Mrs. Crawford contacted the National Women's Health Network after seeing a CNN broadcast regarding the risks

of using an infusion pump for the at-home administration of terbutaline. In the conversation Mrs. Crawford indicated that she wished to file a lawsuit and she knew it would have to be filed in Tennessee.

Mrs. Crawford and her husband filed this action on September 11, 1998 against Drs. Beatty and Crawford alleging that they had violated the standard of care for medical professionals in the community and that their malpractice resulted in serious injuries to Mrs. Crawford. Mr. Crawford asserted a claim for loss of consortium. The complaint also alleged that the defendants had concealed the causal relationship between her condition and the use of terbutaline. Both defendants answered the complaint and among other defenses, specifically raised the statute of limitations.

During discovery Mrs. Crawford was asked to supply defense counsel with the names of all health care professionals who had treated her in the last ten years. She listed numerous physicians and supplied the defendants with many of her medical records, but she did not reveal two doctors and a nurse in Arizona whom she had told in 1996 that her heart problems were caused by the terbutaline. She did reveal the name of another Arizona doctor who had treated her, but the medical records she supplied for that treatment omitted the doctor's notes from the first list in May of 1996 in which Mrs. Crawford told him that her heart problems could be traced to the use of terbutaline during her pregnancy.

In affidavits Mr. and Mrs. Crawford swore that they first learned in late 1997 that terbutaline could cause severe heart problems when taken by pregnant women. They stated that November of 1997 was when they saw the CNN program that made the connection.

## II.

An action for medical malpractice must be filed within one year after the accrual of the cause of action. Tenn. Code Ann. § 29-26-116(a)(1); *see* Tenn. Code Ann. § 28-3-104. But if the injury is not discovered within that one year period, the action may be filed within a year of discovery, Tenn. Code Ann. § 29-26-116(a)(2), up to an outside limit of three years from the date of the negligent act or omission. Tenn. Code Ann. § 29-26-116(a)(3). In addition to the discovery rule found in our medical malpractice statute, there is a general provision in Tenn. Code Ann. § 28-1-106 that extends the statute of limitations for a person who is of "unsound mind" at the time the cause of action accrues. In that case an action for medical malpractice could be brought within a year of the removal of the disability, so long as the statute of repose in Tenn. Code Ann. § 29-26-116(a)(3) had not run.

As these statutes show, the question of whether a statute of limitations has run will involve a fact determination if (1) the suit was filed outside the original limitations period, and (2) the plaintiff invokes the discovery rule or contends that she was under some disability when the cause of action accrued. If the material facts are disputed the case will not be a proper one for summary judgment. Although we will not recite here the familiar standards for summary judgment, it will suffice to say that the moving party has the burden of showing that there is no genuine issue of

material fact, and that the moving party is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Byrd v. Hall*, 847 S.W.2d 208 (Tenn. 1993).

## III.

The medical care rendered to Mrs. Crawford took place in August and September of 1995. Mrs. Crawford delivered her baby on September 14, 1995 and was diagnosed with postpartum cardiomyopathy on or about November 24, 1995. Since more than a year from any of these events had elapsed before she filed her complaint, her claims would be time-barred in the absence of some basis for extending the statute of limitations.

She first invoked the discovery rule. But we think the record conclusively shows that the facts that she alleges led to her discovery of her cause of action occurred in 1996 and early in 1997 - substantially more than a year before she filed her complaint. Therefore she cannot use the discovery rule to avoid the limitations bar.

Her fall-back position is that her physical condition rendered her mentally incompetent – of an unsound mind, in the terms of Tenn. Code Ann. § 28-1-106 – the whole time she was in Arizona. To sustain this contention her burden is a little heavier. Our courts have held that the term "unsound mind" in Tenn. Code Ann. § 28-1-106 means the person relying on this exception must show that she was "incapable of attending to any business, or of taking care of herself." *Porter v. Porter*, 22 Tenn. (3 Hum.) 586, 589 (1842); *Doe v. Coffee County Bd. of Education*, 852 S.W.2d 899, 905 (Tenn. Ct. App. 1992). In applying this standard to a post-conviction statute of limitations (and pointing out that it was applying a civil standard), our Supreme Court said that the statute would be tolled "only if a petitioner shows that he is unable either to manage his personal affairs or to understand his legal rights and liabilities." *State v. Nix*, 40 S.W.3d 459, 463 (Tenn. 2001). The Court further held that "[u]nsupported, conclusory, or general allegations of mental illness" would not be sufficient, but the facts could be proved by "family members . . . attorneys, or any other person who has knowledge of facts that demonstrate" the disabling condition. *Id.* at 464.

We fail to find any evidence in the record from which a trier of fact could conclude that Mrs. Crawford was unable to manage her personal affairs or to understand her legal rights and liabilities. She has undoubtedly been ill since shortly after her second child was born, but there is nothing in the histories given to various medical professionals in 1996 or early 1997 to indicate that she was mentally incompetent. Although her own affidavit says she was treated for mental illness for the "entire time" she was in Arizona, she did not consult a mental health professional until November 3, 1997.

## IV.

The appellants also appeal the imposition of monetary sanctions for their discovery abuses. Rule 37.01(3) of the Tennessee Rules of Civil Procedure provides that evasive or incomplete answers are to be treated as a failure to answer, and Rule 37.04 allows a party who is harmed by a

failure to answer interrogatories to recover the expenses and attorneys fees caused by the failure. In addition, Rule 56.08 of the Tennessee Rules of Civil Procedure, allows parties to recover the expenses and attorneys' fees incurred by the opposite party's bad faith filing of an affidavit supporting or opposing a motion for summary judgment.

In this case the appellants were asked to identify all health care professionals who had treated or examined Mrs. Crawford within the past ten years. Mrs. Crawford failed to identify at least two providers whose records showed that she was asserting early in 1996 that terbutaline caused her heart problem. She also failed to include a part of another doctor's record that showed she knew the cause of her problems early in 1997. Both Mr. and Mrs. Crawford filed affidavits stating that they learned from the CNN program in November of 1997 that terbutaline might be the cause of her injuries. That show aired in 1996. Finally Mrs. Crawford said in her affidavit that she had been treated by a psychologist for the entire time she was in Arizona when in fact she did not see the psychologist until late in 1997.

The court's imposition of sanctions for discovery abuses and for the filing of a Rule 56 affidavit in bad faith is discretionary. "On appeal, the exercise of discretion by a trial court in imposing sanctions will not be disturbed in the absence of an affirmative showing of abuse." *Brooks v. United Uniform Co.*, 682 S.W.2d 913, 915 (Tenn. 1984). We do not think the court abused its discretion in this case.

The judgment of the lower court is affirmed and the cause is remanded to the Circuit Court of Davidson County for any further proceedings necessary. Tax the costs on appeal to the appellants.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.